IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RHONDA KROEKER, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO: |
| v. | § § | 1:24-cv-00534 |
| HOLY SHIP LLC, | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

## COMPLAINT

PLAINTIFF RHONDA KROEKER files this Complaint and states as follows:

1. Ms. Kroeker brings this action against Defendant Holy Ship LLC for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. Congress sought through the FCRA to, among other things, protect consumers by creating heightened standards regulating how employers obtain and use information in consumer reports to conduct background checks on prospective employees. 15 U.S.C. § 1681b(b)(3).

3. The FCRA requires employers to provide certain notices to the subjects of the consumer reports before taking an adverse employment action

whenever that action is based, even just in part, on a consumer report. Specifically, pursuant to 15 U.S.C. § 1681b(b)(3):

> in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—
> (i) a copy of the report; and
> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3)1 of this title.

4. The FCRA is designed to provide individuals whose reports are inaccurate with ample time to identify the inaccuracies and correct them before an employment decision has been made. Providing the identity of the consumer reporting agency, a copy of the consumer report, and a statement of consumer rights before making a final adverse employment decision arms the nation's millions of job applicants with the knowledge and information needed to challenge inaccurate, incomplete and misleading public-records-based reports.

5. When an employer denies an individual these substantive rights, the individual may sue to redress a breach of these substantive rights and, if successful, be awarded actual, statutory and/or punitive damages. 15 U.S.C. §1681n.

6. Here, Defendant violated Section 1681b(b)(3) when it took an adverse employment action against Ms. Kroeker based on information in two consumer reports without first providing her with copies of the pertinent consumer reports and

a statement of her rights under the FCRA, and without providing her with a reasonable opportunity to respond to the information in the reports, all while failing to disclose the identity of the consumer reporting agency that furnished the consumer report. Defendant's violation was especially egregious here, as Ms. Kroeker later discovered that the consumer reports contained inaccurate information that she could not view or dispute before Defendant made it adverse employment decision.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly conducts business in this district and division, and a substantial part of the events giving rise to the claims occurred in this district and division.

## PARTIES

9. Ms. Kroeker is a resident of Texas.

10. She is a natural person and a "consumer" as protected and governed by the FCRA, 15 U.S.C. § 1681a(c).

11. Defendant Holy Ship, LLC is a Texas limited liability company that conducts business throughout the state of Texas. Its maintains a mailing address at 208 Hewitt Dr., Suite 103, Woodway, Texas 76712. It may be served via its

registered agent Rachel L. Hobbs at 4300 Suite 2 Building B, West Waco Dr., Waco, Texas 76710.

## FACTUAL ALLEGATIONS

12. In about November 2022, Mr. Kroeker began working for Defendant at one of its Austin, Texas locations. She eventually became one of Defendant's managers.

13. On April 30, 2024, Defendant informed Ms. Kroeker in a meeting that it was terminating her employment immediately.

14. During the termination meeting, Defendant provided Ms. Kroeker with a termination letter.

15. The termination letter stated that the termination was based on [t]he first background check you submitted came back as the wrong person" and "[t]he second background check you submitted came back with your name but being deceased."

16. Prior to the termination, Defendant had obtained two consumer reports from consumer reporting agencies about Ms. Kroeker.

17. The consumer reports that the consumer reporting agencies furnished to Defendant were used or expected to be used or collected for the purpose of evaluating a consumer for employment purposes.

18. The consumer report that the consumer reporting agencies furnished to Defendant contained public record information likely to have an adverse effect on Ms. Kroeker's ability to obtain employment.

19. At the point it terminated Mr. Kroeker's employment, Defendant had not yet provided Ms. Kroeker with both copies of his consumer reports and a description, in writing, of her rights under the FCRA, as required by statute.

20. Following Defendant's adverse decision, Ms. Kroeker requested copies of the consumer report from Defendant so that she could try to dispute the erroneous information and get it corrected.

21. Defendant refused to provide Ms. Kroeker with copies of the consumer reports.

22. Within days of the termination, Ms. Kroeker emailed Defendant and again asked for copies of the consumer reports, or at least information showing the identity of the consumer reporting agencies.

23. Defendant again refused to provide Ms. Kroeker with the requested information.

24. Fortuitously, Ms. Kroeker was able to obtain information on her own showing the identity of the consumer reporting agency that furnished the first consumer report, and she was able to obtain a copy of that consumer report.

25. Ms. Kroeker was surprised by what the consumer reporting agency (Verified First) had reported, as it stated in its consumer report that it found records relating to Ms. Kroeker for individuals with the names Harold HaroldMorrison Morrison, H Morrison, Frank Morrison, Morrison Frank, Harold Morrison, Harold F Morrison, Harold Frank Morrison, Harold Morrtson, and Marold S Morrison.

26. Ms. Kroeker is not any of those individuals, nor does she have any connection with those individuals.

27. When she reviewed the consumer report more closely, she discovered that the consumer reporting agency had searched for information about her using a social security number ending in 6007.

28. Ms. Kroeker's social security number does not end in 6007.

29. Defendant knows that Ms. Kroeker's social security number does not end in 6007.

30. Upon information and belief, the individuals listed above were associated with the 6007 social security number.

31. It appeared to Ms. Kroeker that either Defendant submitted the wrong social security number to Verified First, or Verified First searched for the wrong social security number.

32. Either way, had Defendant provided Ms. Kroeker with a copy of the consumer report before it terminated Ms. Kroeker's employment, she would have discovered the error and been able to dispute the inaccurate information.

33. To this day, Ms. Kroeker still has not received a copy of the consumer report that allegedly shows that she is deceased, or even the name of the consumer reporting agency that furnished the report.

34. Upon information and belief, that consumer reporting agency may have been provided with the wrong social security number, and it also may have searched for the wrong individual.

35. This situation is the quintessential example of the importance of Section 1681b(b)(3), because had Defendant provided Ms. Kroeker with copies of the two consumer reports, she would have discovered the error before termination, and she would have been able to dispute the inaccurate information.

36. Now, Ms. Kroeker is stuck. Her employment has been terminated by Defendant because of inaccurate information in two consumer reports, and she has been denied the ability to dispute the inaccurate information.

## FIRST CLAIM FOR RELIEF

### (15 U.S.C. § 1681b(b))

37. Plaintiff realleges Paragraph Nos. 1-36 as if fully set forth.

38. Defendant used two consumer reports to take an adverse employment action against Plaintiff.

39. Defendant violated Section 1681b(b)(3)(A) by failing to provide Plaintiff with copies of the consumer reports and a description of her rights under the FCRA before taking an adverse employment action against her that was based, even in part, on the consumer reports.

40. Defendant's practice violates one of the most fundamental protections afforded to employees under the FCRA and runs counter to longstanding regulatory guidance. (Federal Trade Commission letter dated June 9, 1998, to A. Michael Rosen, Esq., regarding Section 604(b), Section 605, and Section 607 of the FCRA) ("[15 U.S.C. § 1681b(b)(3)(A)] requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information…").

41. Defendant knew or should have known about its obligations under the FCRA. These requirements are well established in the plain language of the FCRA, in the promulgation of the Federal Trade Commission, and in well-established

caselaw. *See Reardon v. Closetmaid Corp.*, No. 2:08-cv-01730, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013) (certifying class against company for employment applicants who did not receive pre-adverse action notice); *Singleton v. Domino's Pizza, LLC*, No. DKC 11-1823, 2013 WL 5506027 (D. Md. Oct. 2, 2013) (class settlement for violation of Section 1681b(b)(3)(A)); *Johnson v. Midwest Logistics Sys., Ltd.*, No. 2:11-cv-1061, 2013 WL 2295880 (S.D. Oh. May 24, 2013)(class settlement for pre-adverse action class); *Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 848 F. Supp. 2d 532, 537 (E.D. Pa. 2012)("The 'clear purpose' of this section is to afford employees time to 'discuss reports with employers or otherwise respond before adverse action is taken.") (internal quotations omitted); *Beverly v. Wal-Mart Stores, Inc.*, CIV. A. 3:07CV469, 2008 WL 149032 (E.D. Va. Jan. 11, 2008) ("Simultaneous provision of a consumer report with a notice of adverse action fails to satisfy § 1681b(b)(3)(A) requirement. Accordingly, the Court finds that a reasonable jury could find that defendant violated § 1681b(b)(3)(A) when it took adverse action before it provided plaintiff with a copy of his consumer report."); *Williams v. Telespectrum*, Civ. No. 3:05cv853 (E.D. Va. 2006) ("An employer must provide a copy of the report with "a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report.").

42. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and depriving Plaintiff of her rights under the FCRA.

43. Defendant's violation of 15 U.S.C. § 1681b(b)(3)(A) was willful, rendering it liable under 15 U.S.C. § 1681n.  In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

44. Because of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described on her behalf by counsel: loss of employment, denial of statutorily required information, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

   a. An award of actual, statutory and punitive damages;
   b. An award of pre-judgment and post-judgment interest as provided by law;
   c. An award of attorney's fees and costs; and
   d. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF** hereby demands a jury trial on all claims for which she has a right to a jury.

Dated: May 17, 2024

Respectfully Submitted,

<u>/s/William M. Clanton</u>
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Drive
San Antonio, Texas 78216
Phone: (210) 226-0800
Fax: (210) 338-8660
Email: bill@clantonlawoffice.com

Andrew L. Weiner
Georgia Bar No. 808278
WEINER & SAND LLC
800 Battery Avenue SE
Suite 100
Atlanta, GA  30339
(404) 254-0842 (Tel.)
(866) 800-1482 (Fax)
aw@wsjustice.com
(Pro Hac Vice application to come)

COUNSEL FOR PLAINTIFF